IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-03233-RBJ-KLM

CHARLES C. GRILLO,

    Plaintiff,

v.

JP MORGAN CHASE & CO.,

    Defendant.

## ORDER

This case is before the Court on a motion to dismiss filed by defendant JPMorgan Chase & Co. ("Chase"). ECF No. 11. The Court adopted in part a recommendation by Magistrate Judge Mix, and in so doing referred the plaintiff's claims for monetary relief to the Chapter 13 bankruptcy trustee. ECF No. 23. That order and its summary of the facts underlying this case are incorporated by reference. The Court reserved ruling on plaintiff Charles C. Grillo's claims seeking injunctive relief, instead requesting supplemental briefing on several issues. The Court also attempted to obtain pro bono civil counsel for Mr. Grillo in light of the relative complexity of his case. While the Court was unable to obtain counsel for Mr. Grillo, further study and additional briefing by the parties have answered the Court's remaining questions.

## I. The Foreclosure and Forfeiting of the Encumbered Property Embodied in the Confirmed Bankruptcy Plan Are Res Judicata.

On March 22, 2013, the Bankruptcy Court confirmed Mr. Grillo's Fourth Amended Bankruptcy Plan. *In re Grillo*, Case No. 12-30610 (Bankr. D. Colo.), Doc. #61. The now-confirmed plan notes that Mr. Grillo "surrenders the following property" and then lists the property at 1336 Madison Street in Denver, Colorado—the property at issue in the instant case. ECF No. 25, Ex. 1. As Chase notes, the Tenth Circuit treats confirmed bankruptcy plans as the functional equivalent of a final judgment. "Indeed, in the world of bankruptcy proceedings—a world where cases continue on in many ways for many years and lack the usual final judgment of a criminal or traditional civil matter—confirmation of an amended plan 'is as close to *the* final order as any bankruptcy judge enters.'" *Woolsey v. Citibank, N.A. (In re Woolsey)*, 696 F.3d 1266, 1269 (10th Cir. 2012) (quoting *Interwest Bus. Equip., Inc. v. U.S. Tr. (In re Interwest Bus. Equip., Inc.)*, 23 F.3d 311, 315 (10th Cir. 1994)).

Where a Chapter 13 bankruptcy plan has been confirmed by the bankruptcy court, principles of res judicata prevent a collateral attack on the judgment. *See In re Talbot*, 124 F.3d 1201, 1209 (10th Cir. 1997) ("Upon becoming final, the order confirming a chapter 13 plan represents a binding determination of the rights and liabilities of the parties as ordained by the plan. Absent timely appeal, the confirmed plan is *res judicata* and its terms are not subject to collateral attack.") (internal quotation marks omitted).[1] Other circuits have applied the same rule to similar facts. In *Celli v. First National Bank (In re Layo)*, 460 F.3d 289 (2d Cir. 2006), the court rejected an attempt by a bankruptcy trustee to collaterally attack a mortgage lien that was

---

[1] In *Talbot*, a creditor (the IRS) sought a different amount of payment from the individuals in bankruptcy than was memorialized in the confirmed bankruptcy plan. Although in that case it was a creditor whose efforts at collateral attack were rebuffed, the same principles apply to this case.

included in the confirmed Chapter 13 bankruptcy plan. Like Mr. Grillo in the instant case, the debtor in *Celli* "included the lien in his own plan . . . ." *Id.* at 295.

Therefore, the issues of Chase's foreclosure on the encumbered property and any specific performance relating to an alleged loan modification program are res judicata. This Court cannot allow a collateral attack on these issues after they were finally decided by the bankruptcy court.

## II.   Corrected Credit Reporting Is Not Available Under Mr. Grillo's State Law Claims.

The only remaining claim for which Mr. Grillo seeks injunctive relief is his claim related to purportedly erroneous reporting Chase made to the credit bureaus. But Mr. Grillo never pled a violation of the statute normally associated with this sort of injury, i.e., the Fair Credit Reporting Act ("FCRA"). Rather Mr. Grillo's requests for corrections to his credit report arise out of his state law claims for breach of contract, promissory estoppel, and violations of the CCPA. Such relief appears to be preempted by the FCRA. *See Collins v. BAC Home Loans Servicing LP*, 912 F. Supp. 2d 997, 1016 (D. Colo. 2012).

With res judicata prohibiting this Court from reopening the foreclosure and Mr. Grillo's not pleading a violation of the FCRA, the Court's earlier the questions—whether the *Rooker-Feldman* doctrine applies, whether the case presents the requisite amount in controversy, whether specific performance of the purported modification is possible, and whether Colorado's three- or six-year statutes of limitations applies—are moot.[2]

---

[2] In any event, the three-year statute of limitations on contract actions would control this case. Colo. Rev. Stat. § 13-80-101(a). *See Clementson v. Countrywide Fin. Corp.*, 464 F. App'x 706, 712-13 (10th Cir. 2012) (unpublished) (affirming the district court's application of the three-year statute to plaintiff's CCPA, breach of contract, and fraud claims). Therefore even if Mr. Grillo's claims could survive the application of res judicata and the fact that he failed to plead a violation of the FCRA, all of these claims would be time-barred.

3

### III. Mr. Grillo's Arguments.

Mr. Grillo's supplemental briefing makes three arguments, none of which persuade me that Chase's motion to dismiss ought to be denied. I address them each in turn.

#### a. Mr. Grillo's Complaint Suggests No Post-Filing Causes of Action.

First, Mr. Grillo continues to argue that Chase engaged in activities after his bankruptcy filings that would give rise to independent claims that were never the property of the bankruptcy estate. ECF No. 26 at 1, 3.[3] Yet he fails to plead any claims other than those that he had knowledge of before his second filing, as I discussed in my previous order. ECF No. 23 at 6-8. Nor do the facts suggest the existence of any new, independent claims that arose after accrual. The fact that Chase's alleged wrongdoing continued after his claims accrued does not change the analysis. All of the claims contained in Mr. Grillo's complaint accrued—that is Mr. Grillo was sufficiently aware of their existence—at the latest before he filed his second bankruptcy petition. *See Clementson*, 464 F. App'x at 713. There are no new claims that are not either property of the estate or barred by res judicata.

#### b. *Smith v. Rockett* Is Inapplicable.

Next, Mr. Grillo argues that because his second bankruptcy was filed under Chapter 13 rather than Chapter 7 of the bankruptcy code, he retains the ability to pursue claims on behalf of the estate. ECF No. 26 at 3-4. In support of this argument, he cites *Smith v. Rockett*, 522 F.3d 1080 (10th Cir. 2008). While *Rockett* does hold that a bankruptcy debtor in Chapter 13 bankruptcy may pursue claims on behalf of the estate, this rule does not change the analysis in this case. *Rockett*, 522 F.3d at 1082. First, *Rockett* appears to suggest that claims must have been scheduled in order to avoid forfeiture. *Id.* Second, none of this changes the fact that the

---

[3] Mr. Grillo's filing does not contain page numbers. Therefore I refer to the page numbers assigned by the Court's electronic filing system.

foreclosure at issue in this case is res judicata. *Cf. Celli v. First National Bank (In re Layo)*, 460 F.3d 289 (2d Cir. 2006) (applying res judicata in a Chapter 13 case); *In re Talbot*, 124 F.3d 1201 (10th Cir. 1997) (same).

### c. Modification of Mr. Grillo's Confirmed Bankruptcy Plan Is a Matter for the Bankruptcy Court.

Finally, Mr. Grillo argues that he should be allowed to amend—for what appears to be the fourth time—his bankruptcy plan in order to add his claims against Chase. ECF No. 26 at 4. Again, he relies on the fact that his second bankruptcy proceeded under Chapter 13 rather than other chapters of the bankruptcy code to bolster his argument. Specifically, he argues that Chapter 13 guarantees him the "right to modify his . . . [p]lan." *Id.*

This argument is one for the bankruptcy court. This Court lacks the authority to modify the pending bankruptcy case. In any event, Mr. Grillo overstates his "right" to modify the confirmed plan. The portion of the bankruptcy code dealing with modifications of Chapter 13 plans states that the plan "may be modified, upon the request of the debtor, the trustee, or the holder of an allowed unsecured claim . . . ." 11 U.S.C. § 1329. The statute makes no mention of a right of modify, but rather seems to suggest that the bankruptcy court may, in its discretion, modify confirmed plans upon request.[4]

### IV. Conclusion

1. Therefore Mr. Grillo's claims for injunctive relief are dismissed with prejudice, and Mr. Grillo is dismissed from the case.

---

[4] The statute lists reasons why a modification may be proper. These include changing the amount of payments, changing the timing of payments, altering payments to creditors who receive payments outside of the plan, adjusting payments in light of the debtor's purchase of health insurance. 11 U.S.C. § 1329. Nowhere does the statute list adding claims or undoing an earlier voluntary surrender of assets as potential justifications for a modification.

2. The Court requests that the Clerk of Court send a copy of this Order to Counsel for the U.S. Trustee at

> Douglas B. Kiel
> Chapter 13 Trustee
> 4725 Monaco St. Ste. 120
> Denver, CO 80237
> 720-398-4444

3. The Court will continue to hold Chase's motion to dismiss [ECF No. 11] in abeyance until the Trustee indicates how he would like to proceed. The Trustee has 10 days to contact the Court at which point I will rule on Chase's motion.

DATED this 8th day of September, 2014.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge